UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE BERNAL,<br><br>   Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>   Respondents. | No. 1:26-cv-01526-DJC-SCR<br><br>ORDER |

  Petitioner is a noncitizen from Mexico who entered the United States in 1996. (Pet. (ECF No. 1) ¶ 19; Mot. (ECF No. 3-1) at 2.) Immigration and Customs Enforcement took Petitioner into custody on November 10, 2025. (Mot. at 3.) Petitioner was then placed in removal proceedings. (Opp'n (ECF No. 9) at 1.) On December 23, 2025, Petitioner received a bond hearing before an Immigration Judge to determine whether he would remain in custody. (Pet. ¶ 6.) The Immigration Judge found Petitioner presents a flight risk because he "attempted to evade arrest by immigration officials before being taken into custody." (ECF No. 9-2 at 2.) Based on this determination, the Immigration Judge denied bond. *Id.*

  On January 8, 2026, an Immigration Judge granted Petitioner's motion to terminate his removal proceedings. (Pet. ¶ 7.) However, on January 23, 2026, the

Government filed a motion to reconsider that decision, which the Immigration Judge granted. (Opp'n at 2; ECF No. 9-4 at 1.) Two days later, Petitioner was issued a Notice to Appear in Removal Proceedings. (ECF No. 9-5.)

Petitioner then filed a Petition for Writ of Habeas Corpus (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 3) in this Court. As the parties do not oppose conversion of this Motion to a Motion for Preliminary Injunction, the Court does so here. (*See* ECF No. 7.) Because Petitioner has not established likelihood of success on the merits the Court denies Petitioner's Motion and refers this matter to the assigned Magistrate Judge for all further pretrial proceedings.

## DISCUSSION

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

Petitioner has not shown a likelihood of success on the merits. The Notice to Appear in Removal Proceedings, issued to Petitioner on February 6, 2026, indicates his removal proceedings have been reinstated. (*See* ECF No. 9-5.) Therefore, as

1  Petitioner is in removal proceedings and an Immigration Judge has considered and
2  denied Petitioner release on bond (*see* ECF No. 9-2), Petitioner is subject to detention
3  during the pendency of his removal proceedings.
4  　　　Petitioner may have been entitled to relief during the period in which he was no
5  longer in removal proceedings.  However, as the Immigration Judge has now granted
6  the Government's Motion to Reconsider and reinstated removal proceedings,
7  Petitioner remains subject to detention.  Petitioner has not directed this Court to any
8  authority indicating otherwise.  (*See generally* Mot.)  Therefore, Petitioner has not
9  established a likelihood of success on the merits as required for preliminary relief.

## CONCLUSION

As Petitioner has failed to establish a likelihood of success on the merits, the Court declines to address whether Petitioner has satisfied the remaining factors for obtaining preliminary relief.  Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is converted to a Motion for Preliminary Injunction and DENIED, and this matter is REFERRED to the assigned Magistrate Judge for all further pretrial proceedings.

　　　IT IS SO ORDERED.

Dated:　**March 10, 2026**

　　　　　　　　　　　　　　　　　　　　　Hon. Daniel J. Calabretta
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DJC7 – Bernal26cv01526.pi