UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO DUARTE BERNAL (A# 096-325-103),<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY (DHS), et al.,<br><br>Respondents. | No.  1:26-cv-01526 DJC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who is proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241.  The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  ECF No. 11. For the reasons set forth below, the undersigned recommends that the petition be denied.

**I.      Factual and Procedural History**

Petitioner is a citizen and national of Mexico and is currently detained at the Mesa Verde Detention Center, within this judicial district.  ECF No. 1 at 3, ¶ 11.  Petitioner entered the United States without inspection in 1996.  ECF No. 9-1 at 4.  On November 10, 2025, Immigration and Customs Enforcement (ICE) agents arrested petitioner near his home.  Id. at 3-4; ECF No. 1 at 2, ¶ 5.  Officials issued petitioner a notice to appear ("NTA") and administratively charged him as a noncitizen present without admission or parole, 8 U.S.C. § 1182(a)(6)(a)(i).  ECF No. 9-1 at 3.

1

On December 23, 2025, petitioner received a custody redetermination hearing pursuant to 8 C.F.R. § 1236.1.  ECF No. 9-2.  The immigration judge ("IJ") found petitioner was a "significant flight risk" because he "attempted to evade arrest by immigration officials before being taken into custody" and denied release.  Id. at 2.  On January 8, 2026, the IJ granted petitioner's unopposed motion to terminate removal proceedings.  ECF No. 1 at 3, ¶ 7.  On January 23, 2026, DHS filed a motion to reconsider the IJ's decision.  ECF No. 9-3.  DHS explained that, "[d]ue to clerical error, [Duarte Bernal's] Motion was not assigned to a Department attorney for review and response."  Id. at 3.  On February 4, 2026, the IJ granted the government's motion to reconsider, writing in full that "DHS's failure to respond is insufficient for administrative review."  ECF No. 9-4.  Petitioner was issued new NTA on February 6, 2026.  ECF No. 9-5.

Petitioner filed the instant petition on February 23, 2026, raising two claims for relief.  First, petitioner alleges that his continued detention after the termination of removal proceedings violates the INA.  ECF No. 1 at 9, ¶¶ 36-37.  Second, petitioner similarly alleges that his continued detention after an IJ granted his motion to terminate violates the Due Process Clause of the Fifth Amendment.  Id. at 10, ¶¶ 38-41.  Petitioner asks the Court to issue a writ of habeas corpus and grant his immediate release.

Respondents failed an opposition/motion to dismiss the petition and argue that petitioner was not entitled to release following the IJ's grant of his motion to terminate removal proceedings. ECF No. 9.  Respondents argue that the IJ's order never became final and because removal proceedings remain ongoing the initial grant of the motion to terminate did not impact the lawfulness of his detention.  Id. at 2.  On reply, petitioner argues that he acquired a liberty interest upon the termination of his removal proceedings that "should not be impeded on the idea that the government may choose to appeal."  ECF No. 10 at 2.

## II.    Discussion

On the same date he filed the § 2241 petition, petitioner filed a motion for temporary restraining order (TRO) seeking his immediate release on due process grounds.  ECF No. 3.  District Judge Calabretta denied the TRO and concluded that the reinstatement of petitioner's

2

removal proceedings and the IJ's denial of release provided lawful bases for his current detention. ECF No. 11 at 2-3.  Judge Calabretta further explained that petitioner "may have been entitled to relief during the period in which he was no longer in removal proceedings," but has not identified any authorities indicating that his current detention pending removal is unlawful.  Id. at 3.  The undersigned agrees with Judge Calabretta's reasoning and recommends the petition be denied on substantially similar grounds.

First, petitioner has not identified any statutory or regulatory authority to support his claim that he should have been released upon the IJ's termination of removal proceedings.[1]  To the contrary, the IJ's termination decision was not final at the time she reinstated proceedings because DHS' deadline to appeal to the BIA had not yet expired.  See 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first[.]").  Further, DHS timely sought reconsideration of the IJ's termination ruling.  See 8 C.F.R. § 1003.23(b)(1) (30 days to seek reconsideration).

Next, petitioner points to Matter of Valles, 21 I. & N. Dec. 769 (BIA 1997) for support and cites it as the "exact same case here."  ECF No. 10 at 2.  Valles is on point, but it does support petitioner's position.  Unlike petitioner, the noncitizen in Valles affirmatively requested custody re-determination after the IJ terminated removal proceedings.  The IJ granted release based on the termination of removal proceedings and the government appealed that determination to the BIA.  Id. at 770.  Because the government had separately appealed the IJ's termination decision, the BIA determined that ruling was not final and the noncitizen "remain[ed] subject to deportation proceedings."  Id. at 773.  Therefore, the BIA concluded, the IJ erred in subsequently granting release "based on his prior decision to terminate removal proceedings" and remanded. Id. at 773-74.  Thus, Valles appears to support respondents' position that as far as the INA and its implementing regulations go, termination of removal proceedings is not a proper basis for release

---

[1] Petitioner also complains that the IJ's reason for granting the motion for reconsideration—that "DHS's failure to respond is insufficient for administrative review," ECF No. 9-4 at 2—"makes no sense" and is "unintelligible."  ECF No. 1 at 3, ¶ 9; ECF No. 3-1 at 2.  Without addressing the legal adequacy of the IJ's decision—a question that is not before the Court—the undersigned observes that the IJ appears to be addressing DHS's reconsideration arguments that her decision did not provide the BIA with a sufficient roadmap for review.  See ECF No. 9-3 at 7-8.

until the IJ's termination ruling becomes final.

Finally, even assuming that either the INA or Constitution required respondents to immediately release petitioner upon the IJ's termination of his removal proceedings, the reinstatement of those proceedings, combined with the IJ's prior bond determination, provides a lawful basis for his current detention. Petitioner cites no authorities supporting his request for immediate release under such factual circumstances. To be clear, the undersigned believes that a non-citizen's continued detention during a period when removal proceedings are terminated violates due process. However, a writ of habeas corpus does not provide a retrospective remedy for the roughly two weeks of such unconstitutional detention in petitioner's case. While not necessarily offering a clear doctrinal path to relief, a claim for damages challenging the period in which petitioner was allegedly detained in violation of the Fifth Amendment is a potential vehicle for petitioner's claim. See Lanuza v. Love, 899 F.3d 1019, 1026 (9th Cir. 2018) (emphasizing that the Supreme Court in Ziglar v. Abbasi, 582 U.S. 120 (2017) did not "bar[] extending Bivens remedies to an immigration case" or preclude the possibility of extending Bivens "to a case involving the substantive and procedural clauses of the Fifth Amendment"); but see Mirmehdi v. United States, 689 F.3d 975, 984 (9th Cir. 2012) (decision to detain noncitizen pending resolution of immigration proceedings fell within discretionary function exception to waiver of sovereign immunity under Federal Tort Claims Act).

For these reasons, the undersigned recommends that the § 2241 petition be denied without prejudice. As the petition sought relief only as to respondents' alleged failure to release petitioner following the IJ's termination ruling, the undersigned declines to resolve whether petitioner may be entitled to other habeas relief in the future.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     Petitioner's (A# 096-325-103) petition for writ of habeas corpus (ECF No. 1) be DENIED without prejudice; and

2.     Respondents' motion to dismiss (ECF No. 9) be DENIED.

These findings and recommendations are submitted to the United States District Judge

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE